```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS


EDWARD THOMAS KENNEDY,       )
        Plaintiff,           )
                             )  Civ. Action No. 18-11856-PBS
        v.                   )
                             )
COMMONWEALTH OF              )
MASSACHUSETTS, et al.,       )
        Defendants.          )
```

**MEMOANDUM AND ORDER**

October 30, 2018

SARIS, C.D.J.

For the reasons stated below, the court grants plaintiff leave to proceed in forma pauperis and dismisses his complaint.

**I.     BACKGROUND**

Plaintiff Edward Thomas Kennedy, a Pennsylvania resident and representing himself as one of the "people of Pennsylvania" commenced this civil action on August 28, 2018, by filing an application for leave to proceed in forma pauperis together with a complaint.

The complaint names the following four defendants: the Commonwealth of Massachusetts, the Massachusetts Bar Association ("MBA"), the University of Massachusetts School of Law ("UMass") and the American Bar Association ("ABA").  Complaint ("Compl."), ¶ 3.  Plaintiff states his belief "that the International Bar Association and American Bar Association and thus the

Massachusetts Bar Association, promised Eleanor Roosevelt in 1947, that their private membership associations members would comply with the Universal Declaration of Human Rights." Id. at ¶ 1(b). The complaint alleges that the business models of the ABA, the MBA and the Commonwealth restrain trade in professional law advice. Id. at ¶ 1(c). According to plaintiff, the policies of the ABA and the MBA contributed to Plaintiff Kennedy's "kidnapping and incarceration from August 28, 2018 to August 30, 2018 in two Commonwealth of Pennsylvania prisons in a cage in solitary confinement like conditions." Id. at ¶ 1(d). He claims that the defendants "have placed personal and corporate financial interests ahead of human rights, and injured Kennedy and we the people, in violation of US law and the Law of the Case." Id. at ¶ 1(i). Plaintiff attaches to his complaint a nine-page exhibit under the heading "Law of the Case." Id. at 1-2.

Plaintiff asserts eight claims: (1) trespass; (2) trespass on the case; (3) trespass on the case-vicarious liability; (4) failure to provide a republican form of government and false advertising; (5) intentional infliction of emotional distress; (6) restraint of trade; (7) bad faith; and (8) negligence. He seeks damages exceeding $1.5 million from each defendant, declaratory judgment, an order that UMass admit him tuition-free, and that he be granted authority to practice law.

**II.   PROCEEDINGS IN FORMA PAUPERIS**

Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action in forma pauperis if it is satisfied that the plaintiff cannot pay the filing fees necessary to pursue the action.  See 28 U.S.C. § 1915(a)(1).  Upon review of plaintiff's financial disclosures, the motion to proceed in forma pauperis is allowed.

Under the in forma pauperis statute, the court conducts an initial screening of the complaint.  See 28 U.S.C. § 1915(e)(2).  The court is required to read a prose plaintiff's complaint liberally and construe it generously. See Haines v. Kerner, 404 U.S. 519, 520 (1972);  Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).  Nevertheless, the court may dismiss a complaint where it finds that the action is "frivolous or malicious," fails to state a claim upon which relief can be granted, or where monetary relief is sought "against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001).  A complaint is frivolous "if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional."  Denton v. Hernandez, 504 U.S. 25, 32-3

(1992)(citations and quotations omitted).  Here, the complaint read generously, does not meet the screening requirements of 28 U.S.C. § 1915(e)(2)(B)(i).

### III. DISCUSSION

Having reviewed Kennedy's complaint in its entirety, the Court concludes that this action is without legal merit.  A search of the federal Judiciary's Public Access to Court Electronic Records (PACER) service reveals that Kennedy filed almost identical complaints in other federal courts.  He has filed complaints that assert the same eight claims against the same or similar law schools and bar associations as in the instant action.  See Kennedy v. State of Vermont, No. 5:18-cv-139 (D. Vt. Oct. 9, 2018) (dismissing complaint as malicious and for failure to state a claim); Kennedy v. University of Notre Dame Dulac, No. 18-cv-3747 (E.D. Pa Sept. 11, 2018) (same).

Kennedy has been identified as a frequent litigant in the Eastern District of Pennsylvania and has been advised to seek leave to amend rather than file multiple lawsuits.  Kennedy v. Getz, No. 18-cv-3532 (E.D. Pa. Aug. 27, 2018) (listing ten separate prior actions and dismissing complaint as malicious and for failure to state a claim).

Although the Court often affords pro se plaintiffs an opportunity to amend a complaint in recognition that "basic fairness, as well as 'sound prudential reasons,' counsel against

4

most uses of the power to dismiss cases sua sponte," Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001), this is one of those cases in which it "is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile." Id. at 36–37.

## IV.  CONCLUSION AND ORDER

Accordingly, the motion for leave to proceed in forma pauperis is GRANTED and this action is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The clerk shall enter a separate order of dismissal.

SO ORDERED.

    /s/ Patti B. Saris
   PATTI B. SARIS
   CHIEF UNITED STATES DISTRICT JUDGE